# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MYKAL S. RYAN, | CASE NO. 11cv2054-LAB (NLS) |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS** |
| vs. | |
| PETER G. ZEMANIAN, | |
| Defendant. | |

Plaintiff, a resident of this District who is proceeding *pro se*, initially filed his complaint in state court. Defendant removed it on September 6, 2011, then moved to dismiss under Fed. R. Civ. P. 12(b)(2), (3), and (6) on the basis of lack of personal jurisdiction, improper venue, and failure to state a claim, respectively.

The complaint alleges Defendant slandered Plaintiff by falsely stating he had stolen money from a trust account. It also alleged Defendant or his agents invaded his privacy, placed him in a false light, and committed disability discrimination by informing various people he was disabled because of post-traumatic stress disorder, and also saying he was mentally deficient and mentally disturbed. As a result, Plaintiff says, he lost his job as a military intelligence officer, his security clearance was suspended, and he suffered various physical symptoms.

/ / /

/ / /

**Venue**

Because this action was removed, venue is governed by 28 U.S.C. § 1441(a), and not the general venue statute, 28 U.S.C. § 1391. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Because venue is proper under § 1441(a), dismissal for improper venue will be denied. This does not preclude either party from moving to transfer the case, however.

**Personal Jurisdiction**

Defendant also moved to dismiss on the basis of lack of personal jurisdiction. He argues that Plaintiff has not pleaded any facts that would provide any basis for the Court or any California court to exercise personal jurisdiction over him. Although Defendant briefs the issues of general and specific jurisdiction, his argument essentially is that Defendant only had contact with Virginia, not California, that the only connection this case has with California is the Plaintiff himself. (Mot. to Dismiss, 6:9–23, 7:8–11.) These arguments are supported by Defendant's own declaration.

Courts in the Ninth Circuit apply a three-part test to determine whether it can exercise personal jurisdiction over a nonresident defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted).

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction. *Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Where, as here, the motion is based on written materials, the plaintiff only needs to make a prima facie showing of jurisdictional facts

1 to meet his burden. Uncontroverted allegations in the complaint are to be taken as true. *AT
2 & T v. Campagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). Factual conflicts are
3 resolved in the plaintiff's favor. *Id.*

4 Here, both parties relied on written materials. Defendant supported his arguments by
5 means of a declaration, while Plaintiff filed a verified opposition. Because Plaintiff's evidence
6 consists of written materials only, those materials need only demonstrate facts which support
7 a finding of jurisdiction" in order to avoid dismissal. *See Data Disc, Inc. v. Systems
8 Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir .1977).

9 Here, Plaintiff has stated in his verified opposition that Defendant and his agents made
10 defaming statements to certain specific people who reside in California. (Opp'n to Mot. to
11 Dismiss at 6–7.) He also alleged more generally that Defendant and his agents, knowing
12 Plaintiff lives in California, made defaming statements to his associates, fellow employees,
13 and family members. (*Id.* at 16.) He alleges Defendant sent these statements through letters,
14 email, fax, and phone calls. (*Id.* at 17, 20–21.) Because he lives in California, his opposition
15 also makes clear that the effects of the alleged defamation and privacy invasion were
16 suffered here.

17 Defendant, for his part, tells an entirely different story. His declaration says that he
18 was involved in bankruptcy litigation in Virginia, as an attorney and successor trustee. He
19 declares that all representations he made were made in connection with that litigation and
20 that he never came to California during the relevant time period or was involved in litigation
21 in California.

22 Defendant's motion is also supported by a court order issued August 13, 2007 by the
23 Superior Court of California for the County of Alameda, ordering Plaintiff removed as trustee
24 for the John and Christy Ryan Family Trust for various breaches of his fiduciary duties. (Mot.
25 to Dismiss, Ex. 1 at 2:17–5:8, 6:2–25.) These findings do not directly conclude Plaintiff
26 / / /
27 / / /
28 / / /

committed theft or embezzlement,[1] but they do amount to a finding of malfeasance and self-dealing. If all Defendant did was to reveal or repeat the court's findings, he cannot be liable for defamation or slander. And to the extent Plaintiff's claims might be premised on a claim that any of these findings were false, the claims must fail. The possibility of collateral estoppel is not before the Court at this time, however.

Defendant did not file a reply brief, so if there is some additional explanation about why Plaintiff's declaration is wrong or inapplicable, he has not provided it. The result is that the Court is presented with conflicting evidence. Plaintiff claims Defendant contacted people in California and made defaming statements to them. Defendant says Plaintiff is really complaining about things he said in Virginia during and in connection with bankruptcy proceedings.

The Court resolves conflicts in the evidence in Plaintiff's favor. *AT & T*, 94 F.3d at 588. Plaintiff has presented evidence that could support a finding that Defendant aimed defaming statements, or statements invading his privacy, to people California by mail, phone, fax, or email; that he intended them to have an effect in California; and that they did have an effect in California. The Court therefore can exercise personal jurisdiction over Plaintiff. *See generally Calder v. Jones*, 465 U.S. 783 (1984) (holding that Florida residents who allegedly intentionally slandered California resident while remaining in Florida were subject to personal jurisdiction in California).

**Failure to State a Claim**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When determining whether a complaint states a

---

[1] The findings repeat in detail Plaintiff's mishandling of trust assets in a way that shows Plaintiff was responsible for extensive losses to the trust. It comes very close to charging Plaintiff with embezzlement, but stops short. (*See, e.g.*, Ex. 1 at 3:3–5 ("Mykal S. Ryan has used the assets of [a corporation owned by the trust] for his own personal expenses, and has allowed the corporation to become almost worthless, resulting in an approximate loss to the trust of $800,000."), 4:13–19 (finding that Plaintiff improperly used trust funds to pay for his rent and utility bills).) The purpose of an order such as the one issued by the Alameda County Superior Court is to explain why Plaintiff was being removed as trustee, not find him guilty of a crime. Thus, it does not including findings of criminal elements such as *mens rea*. At the same time, the court's findings leave open the distinct possibility that he is guilty of the crime of embezzling trust assets.

claim, the Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir .2007) (citation omitted).

Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). Under Rule 12(b) (6), extrinsic evidence can generally only be considered if the motion is converted to a Rule 56 motion for summary judgment. However, the Court may consider facts subject to judicial notice without converting the motion to a Rule 56 motion. *See Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). This may include proceedings in other courts, as well as the Court's own records. *U.S.* ex rel. *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[A court] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations omitted); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases . . . .")

Although Defendant might have attacked the sufficiency of the allegations in a number of ways, the motion focuses on the litigation privilege provided for under California Civil Code § 47. Defendant argues that all his statements were made in conjunction with his role as an attorney in chapter 7 bankruptcy proceedings in the Eastern District of Virginia, in the context of representing his clients in the bankruptcy action. (Mot. to Dismiss, 11:18–25.) He argues that Plaintiff will not be able to dispute this. (*Id.*)

The complaint, however, does not allege that any of the statements were made in connection with or in the course of litigation. Furthermore, its allegations, taken as true, don't identify the type of communications that would probably be made in connection with bankruptcy litigation. The complaint (attached as an exhibit to the notice of removal) alleges Defendant falsely told others that he "committed a crime by stealing more than a million dollars ($1,000,000.00) from a trust," that he stole money from his mother Helen Ryan, that he stole money and property from his nephew Jack Emory Ryan, and that he had stolen

property in his house. (Compl., ¶ 1.) The complaint also alleges that Defendant violated Plaintiff's state-protected privacy rights by informing people of his PTSD disability without authorization, and also falsely stated that he was mentally disturbed and mentally deficient. (*Id.*, ¶ 3.) He alleges Defendant allegedly made the PTSD disclosure to 44 other people. (*Id.*, ¶ 9.) The allegations, taken as true, do not identify behavior ordinarily associated with or done in the course of bankruptcy litigation.

The only hint that the statements may be protected by the litigation privilege is in Plaintiff's opposition, where he says Defendant and his agents made the statements

> under the disguise of bankruptcy business and in such a way as to avoid the appearance of contacts with California, and thus the reach of the California courts. Nonetheless, Mr. Zemanian and his agents' only purpose [was] to defame the Plaintiff.

(Opp'n at 13.) This is not sufficient to constitute an admission of facts that would support the defense. *See Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990) (setting forth elements of the litigation privilege defense).

Defendant has asked the Court to take judicial notice of an order by U.S. District Judge John Houston, of this District, issued in *Ryan v. Morgan*, 11cv685-JAH (CAB) on March 22, 2012. Judge Houston's order addresses an apparently similar motion. It dismisses the complaint in that case for lack of personal jurisdiction, declares Mykal Ryan a vexatious litigant, and enjoins Ryan from filing any civil action in federal court based on the issues raised in Ryan's earlier complaints against various defendants, unless he first obtains court approval. The order denied without prejudice the request to enjoin Ryan from filing such a complaint in state court.

While the Court can take notice of records such as Judge Houston's order, *see* Fed. R. Evid. 201, when offered in support of the motion to dismiss it is not relevant. Ryan did not file the complaint in federal court in violation of Judge Houston's order; he filed it in California state court, before this order was issued. The fact that Judge Houston found no personal jurisdiction over the defendant in that case is not persuasive here, because the allegations were different.

In the case before Judge Houston, Ryan alleged attorney Mary Morgan made defamatory statements about him in court in the Eastern District of Virginia, in connection with a criminal case against a different defendant. (*Ryan v. Morgan*, Docket no. 1-1 (Complaint), ¶¶ 7, 9, 18.) The only allegation about contact with Plaintiff's employer is that she and her agents contacted his employer and declared that he had stolen money and property. (*Id.*, ¶ 17.) The complaint didn't say where or why the employer was contacted, although it did imply that the communications were made as part of litigation. Here, by contrast, Plaintiff has specifically alleged that Defendant made contact with dozens of people in California, and the allegations do not suggest that the communications were part of or in connection with litigation.

The Court is aware that Plaintiff has filed numerous actions in this Court, none of which have (yet) been successful, and that he is barred from filing any more cases in federal court without permission. But those facts by themselves are not a reason to dismiss the complaint.

The request for judicial notice is therefore **DENIED** on the basis of relevance. *See Turnacliff v. Westly*, 546 F.3d 1113, 1120 (9th Cir. 2008) (denying as irrelevant request for judicial notice).

Under the standard for motions to dismiss under Rule 12(b)(6), the complaint is not subject to dismissal on the basis of litigation privilege. This does not mean Defendant could not successfully move for summary judgment on the basis of the litigation privilege, or that the complaint is not subject to dismissal for failure to state a claim on the basis of one or more other theories. But on the basis of the arguments made, the dismissal must be denied.

**Conclusion and Order**

For the reasons set forth above, the motion to dismiss (Docket no. 3) is **DENIED** without prejudice. Defendant is not foreclosed from filing a second motion to dismiss, a

/ / /

/ / /

/ / /

motion for a more definite statement, a motion for summary judgment, or any other motion provided for under the Federal Rules of Civil Procedure or relevant provisions of law.

**IT IS SO ORDERED.**

DATED: 9/24/2012

_____
**HONORABLE LARRY ALAN BURNS**
United States District Judge