# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKAL S. RYAN,<br><br>                       Plaintiff,<br><br>vs.<br><br>PETER G. ZEMANIAN,<br><br>                       Defendant. | CASE NO. 11cv2054-LAB (NLS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND, AND MOTION FOR PARTIAL SUMMARY JUDGMENT; AND**<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL**<br><br>[Docket nos. 12, 13.] |

      Defendant Peter Zemanian removed this defamation action from state court on September 6, 2011, on the basis of diversity jurisdiction. The essence of Plaintiff Mykal Ryan's claim is that Zemanian contacted people in California, and made false and damaging statements about him.

**Motion for Leave to Amend; Motion for Partial Summary Judgment**

      On November 13, 2012, Ryan, who is proceeding *pro se* submitted a motion for leave to amend his complaint, and for partial summary judgment, which the Court accepted by discrepancy order for filing. Ryan also filed a separate Notice of Motion and Motion for Partial Summary Judgment (Docket no. 12.) The Court will construe both documents together as Ryan's motion.

/ / /

The motion discusses bankruptcy proceedings in Virginia that Ryan and Zemanian have been involved in. After that, it is divided into two subsections, the motion for leave to amend, and the motion for partial summary judgment.

The motion for leave to amend says Ryan wasn't able to explain his tort claims adequately. It says he had to provide full-time care for his incapacitated father, who later passed away, and also that he is being treated for post-traumatic stress disorder. The complaint itself referred to Ryan's post-traumatic stress disorder. Apparently the purpose of this motion is to update the Court and Zemanian on Ryan's current personal situation and treatment status. If there is some reason why amending the complaint to include this new information is necessary, Ryan has not explained it.

The motion for partial summary judgment (consisting of Docket no. 12 and part of Docket no. 13) includes claims based on Ryan's family trust. It says Zemanian is not obeying the terms of the trust document, and has fraudulently seized Ryan's property. Ryan seeks to enforce the terms of the trust and to prevent Zemanian from seizing more of his property.

Aside from the fact that the standard for summary judgment is far from being met, *see* Fed. R. Civ. P. 56, this is a defamation action, not a bankruptcy case. If Ryan believes he is or was being treated unjustly in connection with a bankruptcy case (either ongoing or completed), his remedy is or was with the court that is handling that case. He cannot get relief by filing a defamation action in some other court.

Ryan's motion for leave to amend, and for partial summary judgment, are **DENIED**.

**Order to Show Cause**

Zemanian moved to dismiss this action, raising among other defenses the litigation privilege. He argued that Ryan was actually complaining about actions he took in connection with a bankruptcy proceeding in Virginia, and that because such actions are privileged, this case ought to be dismissed. Applying the standard for motions to dismiss, however, the Court accepted the allegations in the complaint as true, and denied the motion without prejudice.

/ / /

1  Ryan's latest motion, however, includes representations suggesting that Zemanian's
2 earlier motion to dismiss was correct. Ryan's latest filings suggest he is really complaining
3 about things Zemanian said during litigation of a bankruptcy case in Virginia, which resulted
4 in Ryan losing property and being branded as dishonest. If this is what is claiming, the
5 Court's earlier order would have reached the opposite conclusion. (*See* Docket no. 9 (Order
6 Denying Motion to Dismiss), 4:7–13 (in the course of resolving conflicts in Plaintiff's favor,
7 accepting Ryan's version of the facts rather than Zemanian's claim that Ryan was "really
8 complaining about things he said in Virginia during and in connection with bankruptcy
9 proceedings").)

10  If the claims set forth in Ryan's current motions are correct, the complaint's
11 allegations are wrong (or, at least, incomplete) and Zemanian's arguments based on
12 litigation privilege, lack of personal jurisdiction, and improper venue are well-taken. In other
13 words, if Ryan's real grievance is that Zemanian obtained some unfair advantage in the
14 bankruptcy action in Virginia, or defamed him in the course of litigating that case, he has no
15 viable claim in this Court, even if what Zemanian said was false.

16  Ryan is therefore **ORDERED TO SHOW CAUSE** why this Court should not reconsider
17 its order of September 25, 2012 denying Zemanian's motion to dismiss, and grant it in light
18 of Ryan's new representations. He may do so by filing a memorandum of points and
19 authorities, not longer than seven pages, no later than **December 3, 2012**. The page limit
20 does not include any attached or lodged materials, but any arguments Ryan wants to make
21 should be included in the main body of the memorandum and not in attachments or exhibits.

22  If Ryan files a memorandum, Zemanian may if he wishes file a reply, within **14**
23 **calendar days.**

24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

    **If Ryan does not show cause within the time permitted, either by failing to file a memorandum, or by filing a memorandum that does not show cause, this action will be dismissed without leave to amend.**

    **IT IS SO ORDERED.**

DATED: November 15, 2012

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge